**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARNELL WILLIAMS-CARNEY** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | **NO.** |
| **CITY OF PHILADELPHIA** | : | |
| **and** | : | |
| **RYAN POWNALL** | : | |
| **and** | : | |
| **MICHAEL CHICHEARO** | : | |
| **and** | : | |
| **ERNEST POWELL** | : | |

## CIVIL ACTION COMPLAINT

**PARTIES**:

1. Plaintiff, Carnell Williams-Carney, is an adult individual currently residing at 1732 N. Taney Street, Philadelphia, PA 19121.

2. Defendant, City of Philadelphia, is a city of the first class within the Commonwealth of Pennsylvania, with its offices located at City Hall, Broad & Market Streets, Philadelphia, PA 19107.

3. At all times relevant to this complaint, defendant City of Philadelphia, by and through its employees, servants and agents was a municipal entity operating a police department and was the employer of all of the Philadelphia Police Department's officers.

4. Defendant Ryan Pownall is and was at all times relevant hereto a police officer employed by the City of Philadelphia, badge #1596. He is being sued in his individual capacity.

5. Defendant Michael Chichearo is and was at all times relevant hereto a police officer employed by the City of Philadelphia, badge #1176. He is being sued in his individual capacity.

6. Defendant Ernest Powell is and was at all times relevant hereto a police officer employed by the City of Philadelphia, badge # 2967. He is being sued in his individual capacity.

7. At all times relevant to this Complaint, the above officers were acting under color of state law and within the course and scope of their duties as police officers.

**JURISDICTION & VENUE**:

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

9. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. 1367.

10. Venue is proper within the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391, as the incident in question occurred in the City of Philadelphia.

**FACTUAL PREDICATE**:

11. On July 17, 2010, plaintiff Carnell Williams-Carney was walking south on Griscom Street in Philadelphia.

12. At the time, it was early evening, and because it was July, still daylight.

13. A police patrol car, occupied by defendant Pownall and his partner, Officer Michael Chichearo, pulled alongside plaintiff Williams-Carney, and requested him to stop.

14. According to one version of police events, plaintiff was ordered to stop because the officers saw him adjusting a gun in his waistband.

15. However, according to the initial version of events recounted by the officers to their supervisor, Sgt. Dennis Rosenbaum, immediately following the incident which gives rise to this case, plaintiff Williams-Carney was stopped because they suspected that he had narcotics in his hand.

16. In fact, a Judge of the Philadelphia County Court of Common Pleas, the Honorable Paula Patrick, subsequently held that there was no probable cause to stop plaintiff Williams-Carney in the first instance and criminal charges which were lodged against him pertaining to this incident in which he was shot were ultimately non-prossed by the Commonwealth of Pennsylvania. Judge Patrick specifically found the testimony of police witnesses concerning the circumstances of the stop not credible.

17. When commanded to stop, plaintiff Williams-Carney began running north on Griscom Street.

18. Officers Pownall and Chichearo gave chase and placed a call on police radio about their pursuit.

19. Six other Philadelphia police officers nearby joined in that pursuit.

20. The area in question is adjacent to Frankford Hospital.

21. Frankford Hospital maintains a series of surveillance cameras, some of which recorded footage of plaintiff Williams-Carney in flight, being pursued by officers.

22. All of the footage from the Frankford Hospital surveillance cameras which show plaintiff Williams-Carney show him to be in full flight.

23. At no time does the footage from the Frankford Hospital surveillance cameras show plaintiff Williams-Carney with a weapon in his hand.

24. At no time does the footage from the Frankford Hospital surveillance cameras show plaintiff Williams-Carney attempting to draw a weapon.

25. As officers converged upon the plaintiff, he ran into an empty lot between houses on the 4900 block of Griscom Street.

26. Defendant Officer Pownall followed, drew his weapon, and discharged five bullets in plaintiff's direction from a distance of approximately 30 feet, putting him at risk of severe physical injury.

27. Plaintiff continued to flee in a northwest direction behind the house.

28. Defendant Pownall pursued, turned the corner at the back of the house, and fired two more shots at plaintiff, putting him at risk of severe physical injury.

29. At the time, plaintiff's back was to the officer.

30. At no time during the pursuit did defendant Pownall see the plaintiff with a gun in his hands.

31. One of the two shots fired by Officer Pownall struck plaintiff in the back, causing him to fall and further causing permanent disabling injuries set forth below.

32. Defendant Pownall proceeded to approach and handcuff plaintiff Carney-Williams.

33. At the time of plaintiff's arrest, no gun was found on his person.

34. Although plaintiff Williams-Carney in fact had a gun on his person while fleeing the police, he had discarded it in underbrush behind the house before he was shot in the back.

35. After shooting and arresting plaintiff, it took police officers approximately 15 minutes of searching to find the handgun which plaintiff Williams-Carney had discarded before he was shot.

36. In addition to the seven shots fired by Officer Pownall, his partner, Officer Michael Chichearo, fired another shot in plaintiff's direction, and fellow officer, Ernest Powell, fired two additional shots in plaintiff's direction from the lawn of Frankford Hospital, across Griscom Street.

37. At no time did any police officer engaged in the action see plaintiff Williams-Carney point a weapon at any officer.

38. One or more of the bullets fired by Officer Pownall struck plaintiff Williams-Carney in the mid-back, resulting in a wound at T4-T5, and fractures at that level resulting in bone fragments into the posterior aspect of the spinal canal.

39. On information and belief, one or more of the bullets fired by officers Chichearo and Powell struck plaintiff Williams-Carney, contributing to his injuries.

40. The gunshot wound suffered by plaintiff Williams-Carney has left him paraplegic, wheelchair-bound, and with permanent neurologic impairments, and permanent impairment of his ability to enjoy the normal pleasures of life.

41. As a result of the gunshot wounds suffered by plaintiff Williams-Carney, he is totally disabled, and will require supportive care for the remainder of his life.

42. As a result of the gunshot wound suffered by plaintiff Williams-Carney, he has suffered physical pain and emotional anguish and will continue to so suffer for the remainder of his life.

## COUNT I

**Plaintiff v. Defendant Ryan Pownall**
**(Excessive Force)**

43. Plaintiff hereby incorporates by reference each of the paragraphs set forth above.

44. This action is brought under Section 1983 of the Civil Rights Act, 42 U.S.C. §1983.

45. The claims alleged herein are predicated upon applicable law and controlling doctrines, which, at all times relevant hereto, were clearly established.

46. The actions of defendant Ryan Pownall described above, shooting plaintiff Carnell Williams-Carney in the back as he was fleeing, constituted excessive, deadly force.

47. Defendant's actions were objectively unreasonable in light of the totality of the circumstances.

48. As a direct and proximate result of defendant Ryan Pownall's conduct, which was carried out under color of state law, plaintiff Carnell Williams-Carney was deprived of rights and privileges secured to him by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches and seizures and to be free from the use of excessive force.

49. Defendant Ryan Pownall violated a clearly established constitutional right.

50. Defendant Ryan Pownall knew or reasonably should have known that his actions in shooting a fleeing suspect in the back violated that right.

51. The actions of defendant were willful, reckless and indifferent to plaintiff's rights.

52. As a direct and proximate result of this conduct by defendant Pownall, plaintiff Carnell Williams-Carney suffered the injuries as set forth above.

## COUNT II

**Plaintiff v. Defendant Michael Chichearo**
**(Excessive Force)**

53. Plaintiff hereby incorporates by reference each of the paragraphs set forth above.

54. This action is brought under Section 1983 of the Civil Rights Act, 42 U.S.C. §1983.

55. The claims alleged herein are predicated upon applicable law and controlling doctrines, which, at all times relevant hereto, were clearly established.

56. The actions of defendant Michael Chichearo described above, shooting plaintiff Carnell Williams-Carney as he was fleeing, constituted excessive, deadly force.

57. Defendant's actions were objectively unreasonable in light of the totality of the circumstances.

58. As a direct and proximate result of defendant Michael Chichearo's conduct, which was carried out under color of state law, plaintiff Carnell Williams-Carney was deprived of rights and privileges secured to him by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches and seizures and to be free from the use of excessive force.

59. Defendant Michael Chichearo violated a clearly established constitutional right.

60. Defendant Michael Chichearo knew or reasonably should have known that his actions in shooting a fleeing suspect posing no threat violated that right.

61. The actions of defendant were willful, reckless and indifferent to plaintiff's rights.

62. As a direct and proximate result of this conduct by defendant Chichearo, he shares liability for the injuries as set forth above.

## COUNT III

**Plaintiff v. Defendant Ernest Powell**
**(Excessive Force)**

63. Plaintiff hereby incorporates by reference each of the paragraphs set forth above.

64. This action is brought under Section 1983 of the Civil Rights Act, 42 U.S.C. §1983.

65. The claims alleged herein are predicated upon applicable law and controlling doctrines, which, at all times relevant hereto, were clearly established.

66. The actions of defendant Ernest Powell described above, shooting plaintiff Carnell Williams-Carney from across the street as he was fleeing, constituted excessive, deadly force.

67. Defendant's actions were objectively unreasonable in light of the totality of the circumstances.

68. As a direct and proximate result of defendant Ernest Powell's conduct, which was carried out under color of state law, plaintiff Carnell Williams-Carney was deprived of rights and privileges secured to him by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches and seizures and to be free from the use of excessive force.

69. Defendant Ernest Powell violated a clearly established constitutional right.

70. Defendant Ernest Powell know or reasonably should have known that his actions in shooting a fleeing suspect posing no threat violated that right.

71. The actions of defendant were willful, reckless and indifferent to plaintiff's rights.

72. As a direct and proximate result of this conduct by defendant Powell, he shares liability for the injuries as set forth above.

## COUNT IV

### Plaintiff v. City of Philadelphia
### (Municipal Liability)

73. Plaintiff hereby incorporates by reference each of the paragraphs set forth above.

74. This action is brought under Section 1983 of the Civil Rights Act, 42 U.S.C. §1983.

75. The claims alleged above and herein are predicated upon applicable law and controlling legal doctrine, which was at all times clearly established.

76. The defendant City of Philadelphia has final policy-making authority with respect to police conduct, and knew about the need for training relative to the proper procedure for effectuating arrests and the use of deadly force; the need for supervision on such issues; and the need for discipline on such issues.

77. Defendants were responsible for, acquiesced in, or were deliberately indifferent through policy, practice, custom, or failure of procedure, to:

a) Restrain the use of excessive and unlawful force by police officers;

b) Properly and adequately train, test, and instruct police officers on the proper procedures for effectuating arrest and avoiding excessive force and deadly force;

c) Failing properly to supervise and control the conduct of police officers;

d) Restrain the use the excessive force, and have clear, concise, and appropriate directives where a suspect is fleeing;

e) Develop, implement, carry out and maintain proper personal training policies, practices, customs and procedures necessary to prevent the use of excessive force.

78. As a direct and proximate result of the City's conduct, under color of state law, plaintiff Carnell Williams-Carney was deprived of rights and privileges secured to him by the Fourth Amendment of the United States Constitution to be free from unreasonable seizure, and the use of excessive force.

79. Defendant City of Philadelphia, by its actions and inactions, violated clearly established constitutional rights.

80. As a direct and proximate result of the above-described actions of defendant City of Philadelphia, plaintiff Carnell Williams-Carney suffered severe physical injury as is set forth above.

## COUNT V

### Plaintiff v. Defendant Ryan Pownall (Assault and Battery)

81. Plaintiff hereby incorporates by reference each of the paragraphs set forth above.

82. Defendant's show of force and excessive force was intended to, and in fact caused, harmful and offensive contact with plaintiff Carnell Williams-Carney.

83. Defendant Pownall's conduct was not authorized, justified, or privileged.

84. Defendant Pownall acted intentionally in discharging his weapon at plaintiff Carnell Williams-Carney intending for him to be struck by the bullet discharged.

85. Defendant Pownall's conduct in shooting and striking plaintiff Carnell Williams-Carney in the back as he was fleeing constitutes an unlawful battery.

86. As a direct and proximate result of this unlawful conduct, plaintiff Carnell Williams-Carney suffered severe injury.

**REQUEST FOR RELIEF**:

WHEREFORE, plaintiff respectfully requests that the Court grant judgment jointly and severally against defendants Ryan Pownall and the City of Philadelphia as follows:

1. an award of compensatory damages for his physical injuries, disability, pain, suffering, emotional anguish, disfigurement, and loss of life's pleasures, together with compensation for past and future medical expenses, rehabilitative services and supportive care;
2. an award of counsel feels pursuant to 42 U.S.C. §1988; and
3. the costs and expenses of bringing this litigation.

RAYNES McCARTY

By: ________________________
Harold I. Goodman, Esquire
1845 Walnut Street
20th Floor
Philadelphia, PA 19103
215 - 568 - 6190

Attorney for Plaintiff

Dated: July 13, 2012

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by the rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Carnell Williams-Carney
1732 North Taney Street
Philadelphia, PA 19121

**(b)** County of Residence of First Listed Plaintiff - Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASE)

**(c)** Attorney's Firm Name, Address & Telephone Number
Harold I. Goodman, Esquire
Raynes McCarty
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103
Telephone No.: 215 - 568 - 6190
Facsimile No.: 215 - 988 - 0618

**DEFENDANTS**
City of Philadelphia, et al.
City Hall
Broad & Market Streets
Philadelphia, PA 19107

County of Residence of First Listed Defendant- Philadelphia
(IN U.S. PLAINTIFF CASE ONLY)
NOTE: IN LAND CONTAMINATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys (If Known)

**II BASIS OF JURISDICTION** (Place an X in one box only)

- ❐ 1 **U.S. Government Plaintiff**
- X 3 **Federal Question** (U.S. Government Not a Party)
- ❐ 2 U.S. Government Defendant
- ❐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an X in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business in This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business in Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

**IV. NATURE OF SUIT** (Place an X in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Over-payment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Over-payment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORT**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/ Disabilities - Employment
- ☐ 446 Amer. w/ Disabilities - Other
- X 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damages
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ **530 General**
- ☐ **535 Death Penalty**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agriculture Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 940 Constitutionality of State Statues

**V. ORIGIN** (Place an "X" in One Box Only)

- X 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VI CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**)
42 U.S.C. § 1983

Brief description of the case: On July 17, 2010, plaintiff was wrongfully arrested and suffered permanent detrimental injuries due to same.

**VII. REQUESTED IN COMPLAINT** ❐Check if this is a **CLASS ACTION** under F.R.C.P. 23 **DEMAND $**
Check YES only if demanded in complaint
**JURY DEMAND:** ❐ Yes X No

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE________ DOCKET NUMBER________

DATE
July 13, 2012

SIGNATURE OF ATTORNEY OF RECORD
Harold I. Goodman

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Additional Defendants

RYAN POWNALL (Police Badge # 1596)
c/o City of Philadelphia
City Hall
Broad & Market Streets
Philadelphia, PA 19107

and

MICHAEL CHICHEARO (Police Badge # 1176)
c/o City of Philadelphia
City Hall
Broad & Market Streets
Philadelphia, PA 19107

and

ERNEST POWELL (Police Badge # 2967)
c/o City of Philadelphia
City Hall
Broad & Market Streets
Philadelphia, PA 19107

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CARNELL WILLIAMS-CARNEY, Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | No. |
| CITY OF PHILADELPHIA, RYAN POWNALL, MICHAEL CHICHEARO and ERNEST POWELL, Defendants. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2 ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| July 13, 2012 | Harold I. Goodman (signature) | Carnell Williams-Carney |
|---|---|---|
| Date | Harold I. Goodman, Esq. - Attorney-at-Law | Attorney for Plaintiff |
| 215 - 568 - 6190 | 215 - 988 - 0618 | higoodman@raynesmccarty.com |
| Telephone | FAX Number | E-Mail Address |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1732 N. Taney Street, Philadelphia, PA 19121

Address of Defendant: City Hall, Broad & Market Streets, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: South on Griscom Street in Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? Yes ☐ No X
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities? Yes ☐ No X

*RELATED CASE IF ANY*

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -- Asbestos
9. ☐ All Other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Harold I. Goodman, Esquire, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐ Relief other than monetary damages is sought.

**DATE:** 07.13.12 [signature] 12535 (PA)

Harold I. Goodman, Esq. - Attorney-at-Law — Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 07.13.12 [signature] 12535 (PA)

Harold I. Goodman, Esq. - Attorney-at-Law — Attorney I.D. #